**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| FRANK SERVILLO,<br><br>             Petitioner,<br><br>             v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>             Respondent. | No. CV 21-3905-JGB (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |

**I**

**BACKGROUND**

Frank Servillo ("petitioner") initiated this action on May 4, 2021, by filing a Petition for Writ of Habeas Corpus ("Petition"). The Petition challenges his conviction and sentence in Los Angeles County Superior Court case number BA421848-01, in which a jury convicted petitioner of robbery and a firearm allegation (Cal. Penal Code §§ 212.5, 12022.53(b)) in November 2014. Petitioner

was sentenced in January 2015 to a term of fifteen years in state prison.[1] (ECF No. 1 at 2[2]). The Petition sets forth two grounds for relief: (1) petitioner's sentence enhancement is "outdated" because a new sentencing policy, Special Directive 20-14, supersedes the "Legal Policies Manual" used by the trial court when imposing the enhancement; and (2) petitioner is entitled to a reduced sentence enhancement pursuant to California Assembly Bill 1509 ("AB 1509"). (ECF No. 1 at 3-4).

## II

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases requires the Court to conduct a preliminary review of the Petition. Pursuant to Rule 4, the Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Having conducted a preliminary review of the Petition, the Court issues this Order to Show Cause directed to petitioner because the face of the Petition suggests that his grounds for relief are not cognizable on federal habeas review, and that he failed to exhaust his state court remedies.

### A. Failure to State Cognizable Claims

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian

---

[1] As petitioner is in custody pursuant to a state court judgment, the Court construes the Petition under 28 U.S.C. § 2254.

[2] For ease of reference, the Court refers to the ECF-generated page numbers when citing to the Petition.

v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

In his first ground for relief, petitioner cites "Special Directive 20-14," which sets forth the Los Angeles County District Attorney's resentencing policy that took effect on December 8, 2020. See https://da.lacounty.gov/sites/default/files/pdf/SPECIAL-DIRECTIVE-20-14.pdf (last visited May 17, 2021). This claim relates only to the application of a county policy; it does not even implicate a state law. Accordingly, Ground One does not present a federal question, and is not cognizable on federal habeas review.

Ground Two likewise fails to state a federal question. Petitioner bases his sentencing challenge on AB 1509, a California Assembly Bill concerning sentence enhancements that has not yet been approved by the California State Legislature. (See California Legislative Information website at https://leginfo.legislature.ca.gov/faces/billStatusClient.xhtml?bill_id=202120220AB1509 (last visited on May 17, 2021)). In any event, even if AB 1509 is ultimately enacted, this claim would still not be cognizable as it appears to pertain only to state sentencing law.

### B. Failure to Exhaust

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that a petitioner's contentions be fairly presented to the state supreme court. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077 n.3 (9th Cir. 2000). A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal

3

legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996).

Petitioner has the burden of demonstrating that exhaustion was completed. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). Here, there is no indication that petitioner has presented his claims to the California Supreme Court. Accordingly, it appears that dismissal of the Petition for failure to exhaust is also appropriate.

## III
## ORDER

In light of the foregoing, petitioner is ordered to show cause why the Petition should not be dismissed. **No later than June 7, 2021**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the Petition should not be dismissed as not cognizable and for failure to exhaust.

Alternatively, if petitioner agrees that the instant Petition should be dismissed without prejudice for failure to state a cognizable claim, he may instead file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[3] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P.

---

[3] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

41(a)(1); <u>Hamilton v. Shearson-Lehman Am. Express, Inc.</u>, 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not filed either an answer or a motion for summary judgment.

* * *

Along with this Order to Show Cause, the Court Clerk is directed to send petitioner a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)."

**Petitioner is advised that if he fails to respond as ordered by June 7, 2021, by either filing a response setting forth the reasons why his claims should not be dismissed as not cognizable and for failure to exhaust, or by filing a notice of dismissal, the Petition will be summarily dismissed for the reasons set forth above, as well as for failure to prosecute and follow court orders.**

DATED: May 17, 2021

*/s/ Paul L. Abrams*
PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE